**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 06-CR-199-JHP |
| | ) | |
| DAVID A. ABSTON, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## **ORDER**

This is a proceeding initiated by the above named Petitioner who is currently an inmate at the Federal Correctional Institution in Marion, Illinois. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the Judgment and Sentence of the United States District Court for the Northern District of Oklahoma, in Case No. 06-CR-199-JHP is unlawful.

The Respondent filed a response by and through the United States Attorney for the Northern District of Oklahoma. In addition, the Court has reviewed the relevant trial court records associated with Case No. 06-CR-199-JHP. The records reflect that Petitioner was indicted on November 8, 2006, and charged with one count of Distribution of Child Pornography, 18 U.S.C. §2252(a)(2). Petitioner entered a plea of not guilty. On December 5, 2006, a superseding indictment was returned charging Petitioner with one count of Distribution of Child Pornography, 18 U.S.C.

§2252(a)(2), one count of Possession of Firearm by Fugitive, 18 U.S.C. §922(g)(2), and Criminal Forfeiture, 18 U.S.C. §2253.  Again, Petitioner entered a plea of not guilty. On January 12, 2007, a second superseding indictment was returned charging Petitioner with one count of Distribution of Child Pornography, 18 U.S.C. §2252(a)(2), one count of Possession of Child Pornography, 18 U.S.C. §2252(a)(4)(B), and Criminal Forfeiture, 18 U.S.C. §2253.  Petitioner entered a plea of not guilty.

Petitioner filed numerous motions, including a Motion to Suppress Search Warrant, Motion for Release of Brady Materials, Motion to Dismiss Indictment, Motion for Disclosure of Rule 404(b) Material, and Motion for Disclosure of Rule 16 Material.  Petitioner also filed a general Motion to Reserve Additional Motions.  After numerous additional motions were filed by defense counsel and the government had filed responses, the motions were denied by the court.

Petitioner notified the court he wished to plead guilty and a change of plea hearing was set before Magistrate Judge Frank H. McCarthy on March 8, 2007.  The parties entered into a plea agreement wherein Petitioner agreed to plead guilty to counts one and three of the second superseding indictment and agreed to the forfeiture count.  The plea agreement also contained appellate and post-conviction waivers, with the exception that Petitioner retained the right to collaterally attack the validity of the

guilty plea and the waiver based on allegations of ineffective assistance of counsel. Petitioner entered pleas of guilty according to the plea agreement on March 8, 2007. Sentencing was set for June 27, 2007.

Prior to sentencing, Petitioner filed a motion for release of *Brady* materials and the government responded. The motion was denied on August 20, 2007. Petitioner filed another brief related to the disclosure of sentencing evidence on August 3, 2007, and the government responded on August 10, 2007. The court ruled on the motion during the sentencing hearing which was held August 31, 2007. Petitioner was sentenced to 240 months on count one and 120 months on count three, which sentences were to run consecutively.

Petitioner filed a timely appeal which was dismissed by the Tenth Circuit Court of Appeals based on Petitioner's waiver of appellate rights. Petitioner filed the instant motion collaterally attacking his guilty plea based on ineffective assistance of counsel.

Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. 667. Failure to establish either prong of the Strickland standard

will result in a denial of Petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in Strickland,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

In the instant case, Petitioner complains he was prejudiced by the cumulative impact of multiple deficiencies or errors by counsel. The government opposes the motion because none of the grounds alleged provide an appropriate basis for granting the relief requested. The deficiencies complained of do not rise to the level of ineffective assistance of counsel set forth in *Strickland*, and even if trial counsel's performance was ineffective, the defendant cannot demonstrate prejudice — that is, a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.; Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003).

The court finds defense counsel provided competent representation in this matter, including filing numerous timely motions and objections. Further, not only was there no actionable error by trial counsel, Petitioner cannot prove he suffered prejudice from trial counsel's actions.

Accordingly, for the reasons stated herein, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

James H. Payne
United States District Judge
Northern District of Oklahoma